Taylor, Chief-Justice.
 

 The contract between these parties, if there be one, was, that if the Defendant brought back a negro boy with him from Charleston, he would let the Plaintiff have him in exchange for the de-
 
 *575
 
 lectivo one. The Defendant did bring a boj bar!;; and iiíc question •«, whether fhe Plaint id" caa sao hkia wñh-out avnrlnfc and proving that ho tendered the boy to the Defends.•*«. or that bo was discharged from
 
 a
 
 by the act of the Defendant?
 

 It is evident that the acts to bo done respectively by the iCkisiüír and Defendant were mutual, and were to bo performed at the same tíme. The coushlersthm of the Defendant5» promise, was net the Plaint» íTg promise to deli ver the defective negro, bin an ¡stcíwii delivery or a legal discharge from it. In such cases, it is essential that fhe J’húJitífí'aver bin readinen.) 10 perform his part, and either shew that the CVf,«asían* neglected to attend, when accessary, or refused is perform his pari, or discharged the íi'laáiíüíí' from the- performance.- (2 Saunders 352
 
 n.
 
 3. The delivery of the defective migro, was to be an act concurrent with the delivery of the one brought from Charleston, and neither party could sue apon this contracts without averring and proving a tender or readiness to perform bis part, it certainly was not tito intention of the parties, that the Defendant should deliver the negro, and trust to the Pontiff’s giving him the other at some future time. The Plaintiff is siappos-ed to declare against the Defendant, without shewing that he was ready to perform his part cf the agreement, and the Defendant answers,
 
 “1
 
 brought a negro boy from Charleston, End 3 did not «Idi ver him to yon, because yon. do not say that roa were ready to deliver the defective negro to me j and if yon were not ready, I am not hound to deliver mine."’ If the Plaintiff has any excuse for the. non-performance of his part of the contract, it ought regularly fo be. stated in the declaration and for the furtherance of justice, as no declaration is sent up, we ore disposed to consider oho as filed, suited to the truth of the case. The case slates, that the iie-fendant sold the boy he brought up before the suit way brought: hut bow long he kept him in possession, or
 
 *576
 
 /whether he soM him as soon after he came from Claries-ton as to render a tender nugatory on the part of the
 
 ,mJ "
 
 Plaintiff, cannot be collected from the case.
 

 It is true, that after a verdict, the omission of a tender, or of an excuse for not tendering, may, in some cases, be aided by the common law intendment, that every thing may be presumed to have been proved which was necessary to sustain the action, since a verdict wii! cure a case defectively stated. But in this case, such a presumption would he contrary to the fact stated in the case, that
 
 (t
 
 the Plaintiff did not tender the defective boy to the Defendant.” Whether he had a legal excuse for not so doing, we are not sufficiently informed with facts to enable ns to decide. It can only be said, that such facts do not appear. There must be a new trial.
 

 Made and Henderson, Judges, concurred.